**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**LUIS NIEVES,**

                        **Plaintiff,**                    **05-CV-00017S(Sr)**

**v.**

**FRANCES GONZALEZ, et al.,**

                        **Defendants.**

---

**DECISION AND ORDER**

Pursuant to 28 U.S.C. § 636(c), the parties have consented to the assignment of this case to the undersigned to conduct all proceedings in this case, including the entry of final judgment. Dkt. #72.

Currently before the Court is plaintiff's motion (Dkt. #52), to amend the complaint to substitute Corrections Counselor Stephen Zemmerman for defendant John Doe and to add Glenn S. Goord and Lucien LeClaire as defendants. Dkt. #52. For the following reasons, plaintiff's motion is granted in part and denied in part.

**BACKGROUND**

Plaintiff alleges that on June 28, 2004, while in protective custody at the Attica Correctional Facility ("Attica"), Corrections Officer ("C.O.") J. Johnson conducted a random search of plaintiff's cell. Dkt. #52-2, ¶ 8. During this search, C.O. Johnson and the porter accompanying him, a gang leader named Billy, stole plaintiff's property,

including addresses and phone numbers of his family and lawyers and bank information.  Dkt. #52-2, ¶ 9-10.  Billy was subsequently observed passing this information to other members of his gang.  Dkt. #52-2, ¶ 13.  C.O. Johnson and C.O. Booker continued to provide plaintiff's mail to Billy, who impersonated plaintiff and responded to his mail.  Dkt. #52-2, ¶ 16.

On August 4, 2004, plaintiff alleges that he handed a sealed letter of complaint addressed to the Superintendent or Sergeant of Attica to Correctional Counselor Stephen Zimmerman.  Dkt. #52-2, ¶ 22.  Plaintiff observed Correctional Counselor Zimmerman hand the complaint to C.O. Booker, who opened it and gave it to Billy.  Dkt. ##52-2, ¶¶ 23-24.

Plaintiff also alleges that on August 5, 2004, he gave C.O. Booker a letter addressed to the New York City Police Department, which contained the address of his wife and family members, and thereafter observed Billy passing xeroxed copies of the letter to other inmates, who wrote letters to his wife, family members and the New York City Police Department, thereby misleading the New York Police Department's investigations and endangering lives.  Dkt. #52-2, ¶¶ 17-21.

Plaintiff alleges that he sent a detailed letter of complaint to Commissioner Goord and Deputy Commissioner LeClaire regarding his stolen papers and improper cell search, but received no response.  Dkt. #52-2, ¶ 14.  Plaintiff reiterates that he sent a number of complaints regarding violations of his civil and human rights at Attica to

both Commissioner Goord and Deputy Commisioner LeClaire in June and August of 2004, but received no response. Dkt. #52-2, ¶¶ 34-35.

## DISCUSSION AND ANALYSIS

Fed. R. Civ. P. 15(a) provides that a party may amend a pleading by leave of court or by written consent of the adverse party. Leave to amend is to be "freely granted" unless the party seeking leave has acted in bad faith, there has been an undue delay in seeking leave, there will be unfair prejudice to the opposing party if leave is granted, or the proposed amendment would be futile. *Foman v. Davis,* 371 U.S. 178, 182 (1962); *State Teachers Retirement Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981); Fed. R. Civ. P.15(a). "Mere delay, however, absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993). "Absent a showing that significant additional discovery burdens will be incurred or that the trial of the matter will be significantly delayed, amendment should be permitted." *W.R. Grace & Co. v. Zotos Int'l, Inc.*, 2000 WL 1843282 (W.D.N.Y. 2000). The decision to grant or deny a motion for leave to amend a pleading is within the discretion of the district court. *Foman,* 371 U.S. at 182.

Although Fed. R. Civ. P. 15(a) generally governs the amendment of complaints, where the proposed amendment seeks to add new defendants, Fed. R. Civ. P. 21 governs. *Rush v. Artuz*, 2001 WL 1313465, at *5 (S.D.N.Y. 2001). Rule 21 states that "[p]arties may be . . . added by order of the court on motion of any party . . . at any

stage of the action and on such terms as are just." Fed. R. Civ. P. 21. "In deciding whether to allow joinder, the Court is guided by the same standard of liberality afforded to motions to amend pleadings under Rule 15." *Rush*, 2001 WL 1313465, at *5 (internal quotation omitted); *see Clarke v. Fonix Corp.,* 1999 WL 105031, at *6 (S.D.N.Y. March 1, 1999), *aff'd* 199 F.3d 1321 (2d Cir. 1999).

Official Capacity

The Eleventh Amendment of the United States Constitution bars suits in federal court for money damages against a state or its agencies, unless the state has waived its sovereign immunity by consenting to suit in federal court or Congress has authorized such a suit pursuant to a valid exercise of its power. *Board of Trustees of the Univ. of Alabama v. Garrett,* 531 U.S. 356, 363-64 (2001)*; College Savs. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.,* 527 U.S. 666, 680 (1999); *Pennhurst State School and Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Because a suit against a state official in his or her official capacity is a suit against the official's office, it is no different than a suit against the state itself and is also barred by the Eleventh Amendment. *Will v. Michigan Dep't of State Police*, 491, U.S. 58, 71 (1989); *Penhurst*, 527 U.S. at 101-02. As a result, suits for money damages brought against state officials in their official capacities are barred by the Eleventh Amendment. *Eng. v. Coughlin*, 858 F.2d 889, 894 (2d Cir. 1988). Accordingly, plaintiff's motion to amend is denied as futile in so far as it seeks to name Correctional Counselor Stephen Zimmerman, Commissioner Goord and Deputy Commissioner LeClaire in their official capacities.

Glenn S. Goord & Lucien LeClaire

The Assistant Attorney General for the State of New York argues that plaintiff has failed to demonstrate the personal involvement of Commissioner Goord or Deputy Commissioner LeClaire, as is necessary to state a claim pursuant to 42 U.S.C. § 1983.  Dkt. #59, pp.2-4.

It is well settled that the personal involvement of defendants in the alleged constitutional deprivation is a prerequisite to an award of damages under § 1983 and that the doctrine of *resondeat superior* is insufficient.  *Gaston v. Coughlin*, 249 F.3d 156, 164 (2d Cir. 2001)*; Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995); *Al-Jundi*, 885 F.2d at 1065.  Personal involvement may be shown by evidence that: (1) the defendant participated directly in the alleged constitutional violation; (2) was informed of the violation and failed to remedy the wrong; (3) created, or permitted continuation of, a policy or custom under which unconstitutional practices occurred; (4) was grossly negligent in supervising subordinates who committed the wrongful acts; or (5) exhibited deliberate indifference to the rights of inmates by failing to act on information indicating unconstitutional acts were occurring.  *Colon*, 58 F.3d at 873, *citing Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994).

It is clear, however, that receipt of letters of complaint by a supervisory official, without more, is insufficient to establish personal involvement.  *See Walker v. Pataro*, No. Civ. 99-4607, 2002 WL 664040, at *12-14 (S.D.N.Y. Apr. 23, 2002) (reviewing cases and concluding that "where a supervisory official like the

Commissioner of Corrections or a prison Superintendent receives letters or similar complaints from an inmate and does not personally respond, the supervisor is not personally involved and hence not liable."). As a result, plaintiff's motion to amend is denied as futile in so far as it seeks to name Commissioner Goord and Deputy Commissioner LeClaire in their personal capacities.

Stephen Zimmerman

In support of his motion, plaintiff affirms that he did not determine that the proper identify of the John Doe defendant was Stephen Zimmerman until after the filing of his complaint. Dkt. #53, ¶ 2. The Court notes that plaintiff moved to amend his complaint to name Correctional Counselor Stephen Zimmerman within three years of the earliest incident alleged, so the amendment is timely. Accordingly, plaintiff's motion to amend the complaint to add Stephen Zimmerman as a defendant is granted.

## **CONCLUSION**

For the foregoing reasons, plaintiff's motion (Dkt. #52), to amend his complaint is **GRANTED** in so far as plaintiff seeks to substitute Correctional Counselor Stephen Zimmerman, in his personal capacity, for the John Doe defendant and **DENIED** in so far as plaintiff seeks to add as defendants Correctional Counselor Stephen Zimmerman, in his official capacity and Glenn S. Goord and Lucien LeClaire in their personal and official capacities. Accordingly, the proposed amended complaint shall be accepted as the amended complaint, except that paragraphs 32-37, 39-45, 55-

57; paragraph 3 of plaintiff's requested relief; and paragraph 2 of plaintiff's request for compensatory damages are deleted.

The Clerk of the Court is directed to provide plaintiff with the Summons and U.S. Marshals forms for service upon Stephen Zimmerman.  Plaintiff shall pay the fee of $8.00 per Summons and Complaint, which must be paid by money order or certified check to the United States Marshals Service.  Upon return of the Summons, U.S. Marshals forms and fee, the Clerk of the Court is directed to cause the United States Marshal to serve copies of the Summons, Amended Complaint and this Decision and Order upon Stephen Zimmerman.

**SO ORDERED.**

DATED:	Buffalo, New York
	March 18, 2008

　　　　　　　　　　　　　　　　　　　　　　　　　  \s\ H. Kenneth Schroeder, Jr.
　　　　　　　　　　　　　　　　　　　　　　　　**H. KENNETH SCHROEDER, JR.**
　　　　　　　　　　　　　　　　　　　　　　　　**United States Magistrate Judge**